UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS A. BASBANES and NICHOLAS NGAGOYEANES (professionally known as Nicholas Gage), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC, OAI CORPORATION, LLC, OPENAI GLOBAL, LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,<br><br>Defendants. | ECF CASE<br><br>Civil Action No. 1:24-cv-84 |

**FICTION AND NONFICTION AUTHOR PLAINTIFFS' RESPONSE TO *BASBANES-GAGE* PLAINTIFFS' MOTION TO (I) CONSOLIDATE THE *AUTHORS GUILD* ACTION, THE *ALTER* ACTION, AND THE *BASBANES-GAGE* ACTION AND (II) TO SEEK OTHER RELIEF**

**PRELIMINARY STATEMENT**

Plaintiffs in the related cases *Authors Guild et al. v. OpenAI Inc. et al.*, No. 23-cv-8292, and *Alter et al. v. OpenAI Inc.*, No. 23-cv-10211, (hereinafter, "Author Plaintiffs") respond to the *Basbanes-Gage* Plaintiffs' Motion to Consolidate the *Basbanes-Gage* Action with the *Authors Guild* and *Alter* Actions, and to seek other relief, as well as to the issues raised in Mr. Richter's letter filed earlier today in all three actions. *Basbanes-Gage* Dkt. 30.

Mr. Richter seeks to represent two clients—his father-in-law, Nicholas Basbanes, and Nicholas Gage[1]—in a putative class action for copyright infringement against several OpenAI entities and Microsoft. The *Basbanes-Gage* Plaintiffs ask the Court to (1) consolidate their action with the Author Plaintiffs' Actions; (2) to create a steering committee consisting exclusively of Mr. Richter's law firm, Grant, Hermann, Schwartz & Klinger LLP ("GHSK"); and (3) to appoint Author Plaintiffs' counsel as interim co-lead counsel for the proposed Author Classes.[2]

The Author Plaintiffs do not oppose consolidation of the *Basbanes-Gage* Action with the Author Actions. The Author Plaintiffs also concur, for the reasons set forth in their motion for appointment of co-lead counsel, that the appointment of the Authors Plaintiffs' Counsel—Lieff Cabraser, Susman Godfrey, and Cowan DeBaets—is appropriate at this juncture. *See Alter* Dkt. 29-1 at 4-15; *Alter* Dkt. 45 at 1.

The Author Plaintiffs, however, oppose the creation of a GHSK-only steering committee with no stated purpose. Mr. Richter has offered no reason for how a steering committee will benefit the Author Classes. While he alludes to the need to "represent all of [Messrs. Basbanes

---

[1] *See Microsoft, OpenAI Sued for Copyright Infringement by Nonfiction Book Authors in Class Action Claim*, CNBC News (Jan. 5, 2024) (noting that Mr. Richter "is Basbanes' son-in-law").

[2] The *Basbanes-Gage* Plaintiffs also asked the Court to stay its ruling on the Proposed Stipulation and Order Regarding Motions for Summary Judgment, Class Certification, and Discovery Schedule (*Alter* Dkt. 30). That request is moot, as the Court entered the Stipulation and has ordered a schedule for fact discovery, expert discovery, and the briefing of motions for summary judgment in the consolidated *Alter* and *Authors Guild* Actions. *Alter* Dkt. 31.

and Gage's] concerns, *Basbanes-Gage* Dkt. 22 at 4, his verbatim copying and pasting of large portions of the Author Plaintiffs' complaints suggests that even the *Basbanes-Gage* Plaintiffs believe the current allegations are adequate. A GHSK-only steering committee of undefined utility and scope will inject needless inefficiency and complications, particularly in light of Mr. Richter's close familial relationship with Mr. Basbanes. The request for the creation of a steering committee should be denied.

## DISCUSSION

### A.  CONSOLIDATION IS APPROPRIATE.

The Author Plaintiffs do not oppose consolidation of the *Basbanes-Gage* Action with the Author Actions, in light of the similarity in the allegations the *Basbanes-Gage* Action and the Author Actions. Indeed, the *Basbanes-Gage* Complaint consists of a number of passages lifted verbatim from the Author Actions' complaints. *Compare, e.g.*, Fiction Dkt. 1 ¶ 98 (9/19/23 Orig. Compl.) ("Some independent AI researchers suggest that Books2 contains or consists of ebook files downloaded from large pirate book repositories such as Library Genesis or 'LibGen,' 'which offers a vast repository of pirated text.'"), with Basbanes Dkt. 1 ¶ 98 (1/5/24 Compl.) ("Some independent AI researchers suspect that Books2 contains or consists of ebook files downloaded from large pirate book repositories such as Library Genesis or 'LibGen,' 'which offers a vast repository of pirated text.'").

To the extent that the *Basbanes-Gage* Plaintiffs seek to proceed individually—as opposed to as a putative class action—the *Basbanes-Gage* Action should be consolidated for pre-trial purposes. If not, however, the *Basbanes-Gage* Action should be consolidated for all purposes with the *Alter* Action and the *Basbanes-Gage* Action should be administratively closed. *See, e.g., Monroe Cnty. Employees' Ret. Sys. v. AstraZeneca PLC*, No. 1:21-CV-00722-JPO, 2021 WL 1687129, at *1 (S.D.N.Y. Apr. 28, 2021) (appointing lead counsel, consolidating

putative class actions, and administratively closing later-filed action).

**B.    THE COURT SHOULD NOT APPOINT GHSK TO A STEERING COMMITTEE OF ONE TO REPRESENT MR. RICHTER'S FATHER-IN-LAW.**

This case does not warrant a steering committee consisting solely of GHSK at this juncture. Courts in this district and across the country routinely hold, in actions like this one and at this early stage, that complex leadership structures "can lead to substantially increased costs and unnecessary duplication of efforts." *In re Crude Oil Commodity Futures Litig.*, No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012). "Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." Manual for Complex Litig., § 10.221 (4th ed. 2004). That is not the case here, and despite vague allusions to "serious concerns" and "interests" of his clients (*Basbanes-Gage* Dkt. 68 at 1, 4), Mr. Richter offers no reason why this case warrants a committee structure.

Mr. Richter's request for an appointment to a steering committee also raises red flags because one of his clients is his father-in-law. Such a close familial relationship raises questions about Mr. Richter's ability to serve as counsel for the class and Mr. Basbanes's ability to serve as a class representative, distracting issues that need not be at the forefront (or at issue in any way) going forward. *See, e.g.*, *Oliver v. Am. Express Co.*, No. 19CV566NGGSJB, 2024 WL 100848, at *17 (E.D.N.Y. Jan. 9, 2024), amended in part, No. 19CV566NGGSJB, 2024 WL 217711 (E.D.N.Y. Jan. 19, 2024) ("More concerning to the court is the class counsel's use of family members as class representatives. Whether a close relationship with class counsel renders a named plaintiff inadequate is a fact-intensive inquiry."); Newberg on Class Actions § 3:70 (5th ed.) (Westlaw 2017) ("[A] few courts have held class representatives inadequate when they have a close familial or business relationship or friendship with class counsel.").

**C.  MR. RICHTER'S CHARACTERIZATION OF DISCUSSIONS WITH AUTHOR PLAINTIFFS' COUNSEL ARE INACCURATE.**

Contrary to Mr. Richter's assertions, Author Plaintiffs' Counsel conferred with Mr. Richter thoroughly and in good faith. Following a number of discussions, Author Plaintiffs' Counsel made a proposal that would have permitted GHSK's participation, under the direction and supervision of Lieff Cabraser, Susman Godfrey, and Cowan DeBaets (the proposed interim co-lead counsel for the Author Classes). Mr. Richter, however, insisted on (a) the ability to "lead" "all defensive discovery" related to his two clients, his father-in-law Mr. Basbanes and Mr. Gage; and (2) the unrestricted ability to record time for "stay[ing] abreast of the Action." As proposed interim co-lead counsel, the Author Plaintiffs' Counsel had serious concerns about a bespoke and inefficient discovery approach for two of the thirty plaintiffs, given Mr. Richter's close family relationship with one of them. The Author Plaintiffs' Counsel also had concerns about the efficiency of granting Mr. Richter a blank check to record time spent doing work to simply "stay abreast" of developments in the case. As a consequence, the parties were regrettably unable to reach agreement.

Dated: February 5, 2024

                                                         */s/ Rohit D. Nath*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100

rnath@susmangodfrey.com

J. Craig Smyser
SUSMAN GODFREY L.L.P.
1901 Avenue of the Americas, 32nd Floor
New York, New York  10019
Tel.: 212-336-8330
csmyser@susmangodfrey.com

 /s/ *Rachel Geman*
Rachel Geman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York  10013-1413
Tel.: 212-355-9500
rgeman@lchb.com

Reilly T. Stoler (*pro hac vice forthcoming*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Tel.: 415-956-1000
rstoler@lchb.com


Wesley Dozier (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
222 2nd Avenue, Suite 1640
Nashville, TN  37201
Tel.: 615-313-9000
wdozier@lchb.com

 /s/ *Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS & SHEPPARD LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
ssholder@cdas.com
ccole@cdas@com

6

2936703.1

*Attorneys for the Author Plaintiffs and the
Proposed Fiction and Nonfiction Author Classes*

## CERTIFICATE OF SERVICE

I hereby certify this 5th day of February 2024, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the court using the CM/ECF system which will send notification to the attorneys of record and is available for viewing and downloading.

                                               */s/ Rohit D. Nath*
                                               (Signature)