```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AUTHORS GUILD, et al.,                            :
                                                  :
                  Plaintiff,                      :        23-cv-8292 (SHS) (OTW)
                                                  :
            -against-                             :        And the Consolidated Cases:
                                                  :        23-cv-10211 (SHS) (OTW)
OPENAI INC., et al.,                              :        24-cv-84 (SHS) (OTW)
                                                  :
                  Defendants.                     :        ORDER
                                                  :
                                                  :
------------------------------------------------------------x

THE NEW YORK TIMES COMPANY.,                      :
                                                  :
                  Plaintiff,                      :        23-cv-11195 (SHS) (OTW)
                                                  :
            -against-                             :        And the Consolidated Cases:
                                                  :        24-cv-3285 (SHS) (OTW)
MICROSOFT CORPORATION, et al.,                    :        24-cv-4872 (SHS) (OTW)
                                                  :
                  Defendants.                     :        ORDER
                                                  :
                                                  :
------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

I. **BACKGROUND**

The Court assumes familiarity with the history of these cases. The various copyright holder plaintiffs ("Plaintiffs") in the above-captioned cases brought these actions alleging, *inter alia*, that Defendants' use of Plaintiffs' copyrighted material to train their Large Language Models ("LLMs") constitutes copyright infringement. To date, both parties have engaged in a battle of discovery disputes, filing motions to compel on a regular basis. Due to the high-stakes nature and publicity of these cases and the sensitive information involved, many of the parties'

motions are accompanied by motions to seal. The Court notes that there are currently nine outstanding motions to seal under Index No. 23-cv-8292 (the "Authors Action"), and 14 motions to seal under Index No. 23-cv-11195 (the "Newspapers Action").

Across the 23 motions under consideration, the parties have identified the following general categories of information that they seek to seal:

(1) Exhibits attached to the parties' letter motions, briefs, and declarations that are documents exchanged between the parties during discovery and that contain business information or communications designated as "CONFIDENTIAL," "CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in each case, (*see, e.g.*, 23-CV-8292, ECF 148; 23-CV-11195, ECF 127); and

(2) Portions of the parties' letter motions, briefs, and declarations that describe or summarize information contained in the exhibits described in (1) above.

Several of the motions were filed jointly, while others were filed with seemingly no opposition from opposing counsel. Only two motions appear to contain any dispute between the parties as to what information should be sealed. (*See* 23-cv-11195, ECF 318, 370).

## II.   LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of*

2

*Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

### III. DISCUSSION

#### A. The Exhibits Attached to the Parties' Briefings

We first consider whether the documents at issue are "judicial documents." A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). As opposed to pleadings, which are widely recognized as judicial documents, *Id.* at 140, the law is more complex with respect to filings made during discovery. *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019). "A court performs the judicial function not only when it rules on motions currently before it, but also when properly exercising its inherent supervisory powers." *Id.* at 49 (internal quotations omitted). Generally, "a court's authority to oversee discovery and control the evidence introduced at trial … constitutes an exercise of judicial power … ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" but still requires a court to articulate "specific and substantial reasons for sealing such material." *Id.*

Documents that are "simply passed between the parties in discovery" are not ordinarily considered judicial documents. *Maxwell*, 929 F.3d at 49-50. This does not change when a Court assesses such documents in a discovery motion. *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021). Moreover, when documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Here, 21 of the parties' 23 sealing motions across the two cases are uncontested and seek to seal exhibits attached to letter motions.[1] These exhibits are documents that were exchanged between the parties during the course of discovery and are designated as "CONFIDENTIAL," "CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in each case. For these reasons, these exhibits may be filed under seal,[2] "as they are non-judicial documents to which the confidentiality agreement may fairly apply with no countervailing public access right." *Uni-Systems, LLC*, 2020 WL 8266015, at *8 ("Even when the Court analyzes such documents in the context of a discovery motion, discovery documents remain non-judicial.").

---

[1] While the parties in the Authors Action and the Newspapers Action have, in certain instances, filed responses to the opposing party's motions to seal, these responses appear, with the exception of the motions at ECF 318 and 370 discussed below, to request the Court seal the same information that is already covered by the moving party's motions to seal.

[2] The uncontested sealing motions are as follows: 23-CV-8292, ECF Nos. 167, 192, 229, 233, 245, 258, 259, 276, and 283; 23-CV-11195, ECF Nos. 203, 208, 220, 227, 232, 274, 282, 286, 312, 319, 334, and 348.

### B. The Parties' Letter Motions

The parties' 21 uncontested motions also seek to seal portions of the letter motions, briefs, and declarations themselves that describe or summarize information contained in the now-sealed exhibits described above. While the exhibits themselves are clearly not judicial documents, the letter motions, briefs, and declarations to which such exhibits are attached "may be judicial documents to which the presumption of public access may apply." *Uni-Systems, LLC*, 2020 WL 8266015, at *9 (citing *Cumberland Packaging Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999)). Courts in this district have held that redacting portions of such letter motions that reference "information passed between the parties in discovery" where "the documents [referenced] have been designated" as confidential under a protective order is appropriate. *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3.

Here, while the parties letter motions, briefs, and declarations are judicial documents, the parties have successfully rebutted the presumption of public access. First, a low presumption of public access attaches because these documents are related to discovery. *Maxwell*, 929 F.3d at 47-49. Second, the parties have verified, and the Court has confirmed by review of the unredacted versions of the documents, that the redacted portions of the various letter motions, briefs, and declarations they seek to seal reference information contained in the now-sealed exhibits that have been designated as "CONFIDENTIAL," "CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in each case**.** Third, notwithstanding the confidentiality designations, these documents reference information of the type that would normally be kept strictly confidential by the parties. Accordingly, the

Court finds that this information can be redacted and filed under seal. *Id.* "The Court also notes that the proposed redactions are narrowly tailored to preserve the parties' privacy and business interests." *Nespresso USA, Inc.*, 2021 WL 1812199, at *3.

Accordingly, the following motions to seal are **GRANTED** in their entirety: Index No. 23-CV-8292: ECF Nos. 167, 192, 229, 233, 245, 258, 259, 276, and 283; Index No. 23-CV-11195: ECF Nos. 203, 208, 220, 227, 232, 274, 282, 286, 312, 319, 334, and 348.

### C. ECF 318 and 370 In the Newspapers Action

Two motions to seal in the Newspapers Action appear partially contested. (*See* 23-CV-11195, ECF Nos. 318, 370). The Court will address each in turn.

#### *i. ECF 318*

From the Court's review of the redacted and unredacted versions of Plaintiff's motion, Plaintiff seeks to seal: (i) Exhibits 3, 4, and 5 to Plaintiff's letter motion, (ECF 322-3, 322-4, 322-5); (ii) limited portions of page 3 of Plaintiff's letter motion, which describe information contained in Exhibits 3 and 4; (iii) limited portions of page 11 of Exhibit 1; and (iv) certain contact information on page one of Exhibit 2. (ECF 322-2). In their response, Defendant Microsoft supports the sealing of (ii) above, and asks that Exhibits 3 and 4 also be sealed as documents that are designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the parties' Protective Order. (ECF 327). Microsoft takes no position on Plaintiff's request to seal Exhibit 5 and portions of Exhibits 1 and 2.

Because Exhibits 3 and 4 are documents exchanged during the course of discovery and are designated as confidential under the parties' Protective Order, these exhibits may be filed under seal. Similarly, the narrowly tailored redactions to page 3 described under (ii) above that

6

describe the information contained in the now-sealed Exhibits 3 and 4 and may also be filed under seal.

Exhibit 2 is another document exchanged during the course of discovery and, while not designated as confidential under the parties' Protective Order, is not a judicial document entitled to the presumption of access for the reasons explained above. For the same reasons, Exhibits 1 and 5, which contain communications exchanged between the parties via email regarding discovery concerns and that reference information designated as Protected Discovery Material under the parties' Protective Order, are not judicial documents entitled to the presumption of access. Accordingly, Exhibit 5 and the limited redacted portions of Exhibit 1 and 2 may be filed under seal, and Plaintiff's motion at ECF 318 is **GRANTED**.

### ii. *ECF 370*

Defendant OpenAI's motion to seal at ECF 370 seeks to seal the following information contained in their memorandum of law in support of their objection to certain discovery orders (ECF 370, 371): (i) Exhibits A and B to Defendant's brief, (ECF 371-1, 371-2); (ii) a portion of page 17 and 18 of Defendant's brief (ECF 371); and (iii) footnote 17 of Defendant's brief. (ECF 370). OpenAI asserts that Exhibits A and B contain information designated as Protected Discovery Material under the parties' Protective Order and the limited redactions in the party's brief summarize and/or quote information contained in such exhibits.

Plaintiff New York Times's response seeks to narrow Defendant's motion to seal. (ECF 375). Specifically, Plaintiff requests that the Court seal Exhibit A and B and only such portions of Defendant's brief that directly quote from Exhibit A.

Because Exhibits A and B to Defendant's objection are documents exchanged between the parties during the course of discovery that contain information designated as Protected Discovery Material under the Protective Order in this case, they are not judicial documents and may be filed under seal. As to the proposed redactions to Defendant's brief at ECF 373, because the redacted information references documents designated as confidential under the Protective Order and now sealed, the Court finds that OpenAI's proposed redactions are appropriate. Plaintiff makes no justification as to why here it is appropriate to seal only information directly quoted from the now-sealed Exhibits A and B to ECF 373, while Plaintiff did not seek such a limitation in the nearly two dozen other motions addressed in this Order, several of which contain summaries or references to information in sealed exhibits that are not direct quotes. *See Nespresso USA, Inc.*, 2021 WL 1812199, at *3. Accordingly, Defendant's motion to seal at ECF 370 is **GRANTED**.

IV.    <u>**Conclusion**</u>

In sum, all of the outstanding motions to seal across the Authors Action and Newspapers Action are **GRANTED** as proposed by the moving parties.

The parties are directed to include in any future motion to seal a description in the motion itself of the types of information the moving party seeks to seal with direct references to specific ECF numbers.

The Clerk of Court is respectfully directed to close ECF Nos. 167, 192, 229, 233, 245, 258, 259, 276, and 283 for case number 23-CV-8292, and ECF Nos. 203, 208, 220, 227, 232, 274, 282, 286, 312, 318, 319, 334, and 370 for case number 23-CV-11195.

**SO ORDERED.**

Dated: January 10, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge