# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTHORS GUILD, DAVID BALDACCI, MARY BLY, MICHAEL CONNELLY, SYLVIA DAY, JONATHAN FRANZEN, JOHN GRISHAM, ELIN HILDERBRAND, CHRISTINA BAKER KLINE, MAYA SHANBHAG LANG, VICTOR LAVALLE, GEORGE R.R. MARTIN, JODI PICOULT, DOUGLAS PRESTON, ROXANA ROBINSON, GEORGE SAUNDERS, SCOTT TUROW, and RACHEL VAIL, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI INC., OPENAI OPCO LLC, OPENAI GP LLC, OPENAI LLC, OPENAI GLOBAL LLC, OAI CORPORATION LLC, OPENAI HOLDINGS LLC, OPENAI STARTUP FUND I LP, OPENAI STARTUP FUND GP I LLC, OPENAI STARTUP FUND MANAGEMENT LLC, and MICROSOFT CORPORATION,<br><br><div align=center>Defendants.</div> | Case No. 1:23-cv-08292-SHS<br>Case No. 1:23-cv-10211-SHS<br>Case No. 1:24-cv-00084-SHS<br><br>**STIPULATION AND PROPOSED [ORDER] REGARDING PROTECTIVE ORDER** |
| JONATHAN ALTER, KAI BIRD, TAYLOR BRANCH, RICH COHEN, EUGENE LINDEN, DANIEL OKRENT, JULIAN SANCTON, HAMPTON SIDES, STACY SCHIFF, JAMES SHAPIRO, JIA TOLENTINO, and SIMON WINCHESTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, and MICROSOFT CORPORATION,<br><br><div align=center>Defendants.</div> | |

*[Caption continued on next page]*

NICHOLAS A. BASBANES and NICHOLAS
NGAGOYEANES (professionally known as
Nicholas Gage), individually and on behalf of all
others similarly situated,

Plaintiffs,

v.

MICROSOFT CORPORATION, OPENAI, INC.,
OPENAI GP, L.L.C., OPENAI HOLDINGS, LLC,
OAI CORPORATION, LLC, OPENAI GLOBAL,
LLC, OPENAI, L.L.C., and OPENAI OPCO, LLC,

Defendants.

WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a modified protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material of third parties that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties have reached an agreement to modify Paragraph 16 of the Stipulated Protective Order governing the above-captioned consolidated cases (ECF 148, No. 1:23-cv-08292-SHS-OTW) to allow parties to designate agreements or draft agreements, and documents regarding negotiations thereof, "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY," as set forth more fully below, in response to certain third party requests that such documents be inaccessible to inhouse counsel in this case;

WHEREAS, good cause exists for the modification of the Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to enable competitively sensitive commercial material of third parties requested by a party to be produced in this case and protected from unnecessary disclosure;

WHEREAS, the Parties have reached an agreement to modify Paragraph 25 of the

Stipulated Protective Order governing the above-captioned consolidated cases to mirror the sealing procedure in *The New York Times Co. v. Microsoft Corp.*, No. 1:23-cv-11195-SHS-OTW (S.D.N.Y.) and consolidated cases;

WHEREAS, good cause exists for the modification of the Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to enable an efficient sealing process that protects confidential and competitively sensitive commercial parties from unnecessary disclosure;

THEREFORE, the Parties, through counsel, agree as follows:

1.      The Parties request that the Court enter the following modification to Paragraph 16 of the Stipulated Protective Order, as reflected in the underlined text:

16.     No person subject to this Protective Order other than the producing Party shall disclose any of the Discovery Material designated by the producing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL SOURCE CODE" to any other person whomsoever, except to:

(a) the recipient's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation, provided such person is subject to confidentiality obligations at least as stringent as those set forth in the Non-Disclosure Agreement annexed as an Exhibit hereto;

(b) designated inhouse counsel of the recipient to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) Agreements or draft agreements between a producing Party and a third party, as well as documents reflecting negotiations regarding such agreements, may be designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

<u>ONLY." Inhouse counsel of the recipient shall not be permitted to access such information absent explicit written permission from the producing Party or the relevant third party. For the avoidance of doubt, documents designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" can be shared as described in subparagraphs 16(a) and 16(c)-16(h).</u>

(c) experts of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and the disclosing Party has obtained the consent of the producing Party or approval of the Court.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, had/have access to, or knew the information; or

(h) during their deposition, witnesses in the action who are employees or directors of the producing Party.

2.      The Parties request that the Court enter the following modification to Paragraph 25 of the Stipulated Protective Order to replace in total the current text of Paragraph 25 with the following:

25.     For any document a party ("Filing Party") seeks to seal because that document has been designated as confidential by another party or non-party (the "Designating Party"), the Filing Party's motion or letter motion to seal shall state that the basis for sealing is the Designating Party's designation and immediately provide notice to the Designating Party of the sealing request, with a copy of filed documents showing the Designating Party's confidential materials unredacted. Within five business days of the filing of the motion to seal, the Designating Party will file with the Court a statement of the reasons that the confidential material should be sealed that complies with Paragraph 5(B) of Judge Stein's Individual Practices. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

3.     A version of the Modified Stipulated Protective Order including the above edit is attached hereto as Exhibit A.

SO STIPULATED AND AGREED.

Dated: March 18, 2025

/s/ *Jared B. Briant*
Jared B. Briant (Admitted Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH
LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com

Annette L. Hurst (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
Email: ahurst@orrick.com

Sheryl Garko (Admitted Pro Hac Vice)
Laura Najemy (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
Email: sgarko@orrick.com
lnajemy@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
mrshapiro@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH
LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
Email:
jeffrey.jacobson@faegredrinker.com

***Attorneys for Defendant Microsoft
Corporation***

KEKER, VAN NEST & PETERS LLP

Dated:  March 18, 2025

By:  */s/ Paven Malhotra*
ROBERT A. VAN NEST (*pro hac vice*)
R. JAMES SLAUGHTER (*pro hac vice*)
PAVEN MALHOTRA - # 4409397
MICHELLE S. YBARRA (*pro hac vice*)
NICHOLAS S. GOLDBERG (*pro hac vice*)
THOMAS E. GORMAN (*pro hac vice*)
KATIE LYNN JOYCE (*pro hac vice*)
ANDREW DAWSON (*pro hac vice*)
SARAH SALOMON (*pro hac vice*)
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile:  415 397 7188
rvannest@keker.com
rslaughter@keker.com
pmalhotra@keker.com
mybarra@keker.com
ngoldberg@keker.com
tgorman@keker.com
kjoyce@keker.com
adawson@keker.com
ssalomon@keker.com

***Attorneys for OpenAI Defendants***

LATHAM & WATKINS LLP

Andrew M. Gass (*pro hac vice*)
 *andrew.gass@lw.com*
Joseph R. Wetzel
 *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
 *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
 *elana.nightingaledawson@law.com*
Michael David (*pro hac vice*)
 *michael.david@law.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
 *alli.stillman@lw.com*
Rachel R. Blitzer
 *rachel.blitzer@lw.com*
Herman Yue
 *herman.yue@lw.com*
Luke A. Budiardjo
 *luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

*Attorneys for OpenAI Defendants*

MORRISON & FOERSTER LLP


Joseph C. Gratz (*pro hac vice*)
 *jgratz@mofo.com*
425 Market Street
San Francisco, CA 94105-2482
Telephone: 415.268.7000

Rose S. Lee (*pro hac vice*)
 *rose.lee@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200

Eric K. Nikolaides
 *enikolaides@mofo.com*
Emily C. Wood
 *ewood@mofo.com*
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

Carolyn Homer (*pro hac vice*)
 *chomer@mofo.com*
2100 L Street, NW Suite 900
Washington, D.C. 20038
Telephone: 202.887.1500

*Attorneys for OpenAI Defendants*

/s/ Rachel Geman
Rachel Geman
Wesley Dozier (*pro hac vice*)
Anna J. Freymann
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
rstoler@lchb.com

/s/ Justin Nelson
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Amber B. Magee (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
amagee@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: 310-789-3100
rnath@susmangodfrey.com

Jordan Connors (*pro hac vice*)
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: 206-516-3880
Email: jconnors@susmangodfrey.com

J. Craig Smyser
Charlotte Lepic
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, New York 10001
Telephone: 212-336-8330
csmyser@susmangodfrey.com
clepic@susmangodfrey.com

*/s/ Scott Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS &
SHEPPARD LLP
60 Broad St., 30th Floor
New York, New York 10010
Telephone: 212.974.7474
ssholder@cdas.com
ccole@cdas.com

*Attorneys for Plaintiffs and the Proposed
Classes*

SO ORDERED.

_____
ONA T. WANG
United States Magistrate Judge

Dated:
New York, New York

## ATTESTATION

Pursuant to S.D.N.Y. Electronic Case Filing Rule 8.5, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the content and have authorized this filing.

Dated: March 18, 2025           FAEGRE DRINKER BIDDLE & REATH LLP

By:     */s/ Jared B. Briant*
        Jared B. Briant