

June 13, 2025

**VIA ECF**

Honorable Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *In re OpenAI, Inc., Copyright Infringement Litig.*, 1:25-md-3143-SHS-OTW
      This Document Relates To: The News Cases
      Microsoft's Response to News Plaintiffs' Letter Brief to Compel Responses to Interrogatory Nos. 11 and 12 (ECF 148)

Dear Magistrate Judge Wang:

Microsoft submits this response to the June 10, 2025 letter from Plaintiffs The New York Times Company ("The Times"), Daily News, LP, et al., and The Center for Investigative Reporting, Inc. (collectively, "News Plaintiffs")[1] seeking an order compelling Microsoft to respond within two weeks of the order granting their motion, which is well before the end of discovery, to interrogatories served by The Times requesting Microsoft identify contractual agreements that Microsoft "intend[s] to rely on" (Interrogatory 11) and "believes are relevant to any claim or defense" (Interrogatory 12). ECF 148. To be clear, Microsoft has not refused to answer these interrogatories, but instead has indicated that it will do so at the appropriate time as required by Local Rule 33.3. ECF 148-1 at 6-7. Because the News Plaintiffs' request violates Local Rule 33.3, Microsoft respectfully requests that the Letter Motion be denied.

Local Rule 33.3 purposefully sets up a three-step approach to interrogatories. "Local Rule 33.3(a) contemplates the use of interrogatories at the commencement of discovery ('commencement interrogatories') only to obtain certain discrete information (*i.e.*, names of witnesses, damages computation, location and custodian of relevant documents etc.)." *Roelcke v. Zip Aviation, LLC*, No. 15-cv-6284-JGK-JLC, 2020 WL 5752228, at *1 (S.D.N.Y. Sept. 25, 2020). "Local Rule 33.3(b) provides that 'during discovery, interrogatories other than those seeking information' from the commencement interrogatories ('during discovery interrogatories') may only be utilized 'if they are a more practical method of obtaining the information sought tha[n] a request for production or a deposition.'" *Id.* Local Rule 33.3(c) allows for contention interrogatories, "[h]owever [they] are not permitted until the conclusion of other discovery." *Antolini v. McCloskey*, No. 1:19-cv-9038-GBD-SDA, 2020 WL 5089443, at *2 (S.D.N.Y. Aug. 28, 2020).

News Plaintiffs are attempting to circumvent the orderly interrogatory procedure implemented by the Local Rules and this Court by propounding contention interrogatories under the guise of commencement interrogatories and improperly requesting that Microsoft provide a

---

[1] The interrogatories were served only by The Times; the Daily News Plaintiffs and the Center for Investigative Reporting do not have standing to bring this motion. Fed. R. Civ. P. 37(a)(3)(B).

response well before the end of the discovery cut off as required under Local Rule 33.3(c).[2] Interrogatory Nos. 11 and 12 request Microsoft "identify all contractual agreements" that it "intend[s] to rely on in the News Cases" and that it "believe[s] are relevant to any claim or defense in the News Cases." These are contention interrogatories as they request Microsoft "to identify documents that support their theory of the case." *Nicholson v. Biomet, Inc.*, No. 18-cv-3057-CJW-KEM, 2020 WL 3399898, at *2 (N.D. Iowa Feb. 14, 2020); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-md-2542-VSB-SLC, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020) (interrogatories requesting identification of documents that the plaintiff "intends to rely" on are contention interrogatories). News Plaintiffs' statements during the meet and confer confirm as much. *See* ECF 148-2 at 4 ("In other words, we ask that Microsoft identify all contracts or license agreements (regardless of whether with News Plaintiffs) that Microsoft intends to rely on ***or that Microsoft contends*** is [sic] relevant to the claims and defenses in the News Cases.") (emphasis added). Additionally, consistent with the tenor of Local Rule 33.3(c), in order for Microsoft to respond to these interrogatories, it "may have to articulate the theories of [its] case not yet fully developed" as discovery is still underway. *B. Braun Med. Inc. v. Abbott Lab'ys.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994).

News Plaintiffs' assertion that these interrogatories are commencement interrogatories is unfounded. The OpenAI briefing to which News Plaintiffs cite is not helpful to the News Plaintiffs. The issue before the Court in OpenAI's motion differed in that OpenAI was merely requesting that plaintiffs identify any documents reflecting harm, but did not specifically request the documents that plaintiffs intend to rely upon or believe are relevant to their case. *Authors Guild* ECF 348. Additionally, News Plaintiffs conveniently omit the full history of that dispute, including the Court's original order denying OpenAI's motion and requiring OpenAI to continue to review plaintiffs' documents in order to ascertain the information sought. *Authors Guild* ECF 209. Given that News Plaintiffs do not dispute that Microsoft has agreed to produce documents "concerning any contract or license agreement that Microsoft intends to rely on or that Microsoft contends is relevant to the claims and defenses in this case" in response to RFP 73 (ECF 148 n.2),[3] the Court should require the same of the News Plaintiffs as it did of OpenAI at this stage in the litigation and make News Plaintiffs review the documents produced by Microsoft.

Likewise, none of the cases News Plaintiffs cite require a finding that Interrogatory Nos. 11 and 12 are proper under Local Rule 33.3(a). Neither *Brunero v. Vukasinovic*, No. 23-cv-6341-ER, 2024 WL 4345731 (S.D.N.Y. Sept. 30, 2024), nor *VEREIT, Inc. v. Schorsch*, No. 17-cv-6546-AKH, 2018 WL 11222865 (S.D.N.Y. July 12, 2018), even address Local Rule 33.3. *Brunero* involved interrogatory responses propounded by a *pro se* plaintiff, and, as to the interrogatory on identification of agreements cited by News Plaintiffs, the dispute focused on whether the plaintiff had to specifically identify documents pursuant to Fed. R. Civ. P. 33(d) after he provided a response generally referencing documents he produced. 2024 WL 445731, at *6. In *VEREIT*, the interrogatory cited by News Plaintiffs was propounded as part of a discrete and expedited

---

[2] The Court has not yet set a substantial completion deadline. Microsoft and all parties are continuing to search for, collect, and produce documents.

[3] Given that Microsoft has agreed to produce documents responsive to this overlapping request, it is not surprising that News Plaintiffs do not argue that the interrogatories are proper under Local Rule 33.3(b). Thus, *E*Trade Fin. Corp. v. Deutsche Bank, AG*, No. 05-cv-902-RWS, 2006 WL 3267267 (S.D.N.Y. Nov. 13, 2006), cited by News Plaintiffs, is irrelevant as it relates to Local Rule 33.3(b).

jurisdictional discovery phase. 2018 WL 11222865, at *1. Further, the interrogatory asked for a blanket identification of all contracts, which was appropriate given the scope of the case, and did not ask for identification of contracts or agreements upon which the plaintiff will rely or believes are relevant. *Id.* at *2. Thus, neither of these cases compel the Court to require Microsoft to respond to Interrogatory Nos. 11 and 12 at this stage of the case.

Further, News Plaintiffs' alleged "need" for these responses is a red herring. Microsoft has since filed its Answer to The Times' Second Amended Complaint and has pled that "the complained-of use was licensed by express or implied license." *New York Times* ECF 160 at 32. Microsoft is not required to identify any specific contract in its affirmative defense and Microsoft acknowledges that it will only be able to rely upon evidence related to a license defense that has been properly disclosed in discovery, including through a response to Interrogatory Nos. 11 and 12 on the timeframe consistent with Local Rule 33.3(c). Again, Microsoft has not refused to answer these interrogatories *ever*, it has simply deferred answering them to the time for contention interrogatories.

Finally, News Plaintiffs' demand that "Microsoft should promptly respond to these interrogatories—just as OpenAI agreed to do" is unavailing. As Microsoft has made clear throughout this litigation, Microsoft and OpenAI are separate entities and an agreement by one to provide certain discovery in no way binds the other as there are different relevancy, burden, and proportionality considerations for each defendant. Further, News Plaintiffs misrepresent what OpenAI has agreed to do. OpenAI has not agreed to respond to the interrogatories as propounded on Microsoft. Instead, OpenAI has agreed to amend its response to its interrogatory no. 14 (similar to Interrogatory No. 11 in dispute) "to identify by name and bates number the contracts that OpenAI may rely on to support its express license defense, as to all News Plaintiffs" and to amend its response to interrogatory no. 15 (similar to Interrogatory No. 12 in dispute) "to identify by name and bates number the contracts it has produced in response to Times RFP 73, as to all News Plaintiffs." Ex. A at 2. Further, OpenAI has not agreed to a specific date by which it will amend these responses, to which News Plaintiffs agreed. *Id.* at 1. Thus, OpenAI has not agreed to do what News Plaintiffs are requesting of Microsoft, which is to respond to broader improper contention interrogatories within two weeks of the Court's order.

Respectfully submitted,                    Respectfully submitted,

*/s/ Annette L. Hurst*                     */s/ Jared B. Briant*

Annette L. Hurst                           Jared B. Briant

*Counsel for Defendant Microsoft Corporation*